UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EURAL DEBBS, SR.,<br><br>   Plaintiff,<br><br>   v.<br><br>VALLEY CONVALSCENT HOSPITAL, et al.,<br><br>   Defendants. | Case No. 1:22-cv-00248-AWI-BAK (EPG)<br><br>SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A SECOND AMENDED COMPLAINT; or<br><br>(2) NOTIFY THE COURT THAT HE WANTS TO STAND ON HIS FIRST AMENDED COMPLAINT<br><br>[THIRTY (30) DAY DEADLINE] |

Eural Debbs, Sr. seeks to proceed *pro se* and *in forma pauperis* in this action against Valley Convalescent Hospital. (See ECF Nos. 1, 2). Plaintiff filed a complaint commencing this action on February 28, 2022. (ECF No. 1). Plaintiff filed a first amended complaint on March 4, 2022. (ECF No. 4). Plaintiff alleges that he did not receive adequate care from Dr. Patel and the Valley Convalescent Hospital. (See ECF No. 4). Plaintiff's amended complaint is now before this Court for screening.

The Court has reviewed Plaintiff's amended complaint and finds that Plaintiff has failed to state any cognizable claims. Plaintiff now has options as to how to move forward. Plaintiff may file another amended complaint if he believes that additional facts would state cognizable claim(s). If Plaintiff files a second amended complaint, the Court will screen that amended complaint in due course. Or, Plaintiff may file a statement with the Court that he wants to stand on his first amended

1

complaint and have it reviewed by a district judge, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 2), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges that the defendants violated his "federally protected constitutional rights." (ECF No. 4 at 1). Plaintiff asserts that Dr. Patel was deliberately indifferent to Plaintiff's serious

medical needs from December 2021 to the present. (Id. at 2). Plaintiff alleges that he did not receive treatment for his diagnoses for eye diseases, undiagnosed skin problems, sciatica, and undiagnosed feet problems. (Id.) Plaintiff claims that Dr. Patel is guilty of state law violations of negligence and medical malpractice. (Id.) Plaintiff also asserts that Defendant Valley Convalescent Hospital and Julia Bulosan are liable under the theory of respondeat superior. (Id. at 1). Plaintiff requests compensatory damages and injunctive relief. (Id. at 3-4).

### III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.   Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," Hansen, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

     B. <u>Deliberate Indifference to Serious Medical Needs in Violation of Eighth Amendment</u>

  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)).  This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent."  <u>Id.</u> (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992)) (citation and internal quotations marks omitted), <u>overruled on other grounds by</u> <u>WMX Technologies v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

  Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." <u>Jett</u>, 439 F.3d at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

  A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim.  <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058 (9th Cir. 2004).  Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106.  To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996).

The Court finds that Plaintiff failed to state a claim against any defendant. Plaintiff's amended complaint largely consists of conclusory statements. Plaintiff alleges that he did not receive treatment for his diagnoses for eye diseases, undiagnosed skin problems, sciatica, and undiagnosed feet problems. (ECF No. 4 at 2). However, there are no factual allegations suggesting that Dr. Patel or any defendant knew that Plaintiff needed care and decided to take no action. If Plaintiff chooses to amend his complaint, Plaintiff should describe what he told or showed Dr. Patel, what Dr. Patel said or did in response that would show whether Dr. Patel knew he had a serious medical need and demonstrate that Dr. Patel deliberately failed to address that need.

Finally, to the extent Plaintiff is suing supervisors, as discussed above, there is no *respondeat superior* liability, and Plaintiff failed to allege a causal link between any supervisory defendant and the alleged constitutional violation.[1]

Accordingly, Plaintiff has failed to state a claim against any defendant.

### C. Claims against the Valley Convalescent Hospital

Plaintiff raises claims against the Valley Convalescent Hospital, a state agency licensed by the state of California. (See generally ECF No. 4). The allegations of the complaint are insufficient to state a claim against the defendant in its official capacity. The Eleventh Amendment prohibits suits against a state or its agencies or departments for legal relief or equitable relief other than prospective injunctive relief to remedy an ongoing violation of federal law. Papasan v. Allain, 478 U.S. 265, 276-77 (1986); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); Doe v. Lawrence Livermore National Laboratory, 131 F.3d 836, 839 (9th Cir. 1997).

"Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. New York City Dep't. of Soc. Services, 436 U.S. 658, 691 (1978). Thus, a local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Id., 436 U.S. at 691 ("a municipality cannot be held liable solely because it employs a tortfeasor"). Rather, a local government

---

[1] It is not clear if Plaintiff is attempting to also sue Julia Bulosan and Alexandria Doe, whom he lists as parties only in his first amended complaint. (See ECF No. 4 at 2-3). To the extent that he is, Plaintiff must clearly state those claims and set forth facts sufficient to support his claims if he chooses to amend his complaint.

entity may only be held liable if it inflicts the injury of which a plaintiff complains through a governmental policy or custom. Id. at 694; Gibson v. Cty. of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).

To establish municipal liability, plaintiff must allege (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) that this policy amounted to deliberate indifference to his constitutional right; and (4) the policy was the "moving force behind the constitutional violation." See Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)); see also Monell, 436 U.S. at 690-92. A policy or custom of a government may be established when:

> (1) A longstanding practice or custom . . . constitutes the standard operating procedure of the local government entity;
>
> (2) The decision-making official was, as a matter of law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or
>
> (3) An official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

Pellum v. Fresno Police Dep't, 2011 U.S. Dist. LEXIS 10698, 2011 WL 350155 at *3 (E.D. Cal. Feb. 2, 2011) (quoting Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005)). Further, a governmental policy may be inferred where there is evidence of repeated constitutional violations for which the officers were not reprimanded. Menotti, 409 F.3d at 1147.

A policy amounts to deliberate indifference when "the need for more or different action is so obvious, and the inadequacy of the current procedure so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need." Mortimer v. Baca, 594 F.3d 714, 722 (9th Cir. 2010) (quotation omitted, citing Oviatt, 954 F.2d at 1477-78; accord. Canton, 489 U.S. at 390). To establish deliberate indifference by a government, "the plaintiff must show that the municipality was on actual or constructive notice that its omission would likely result in a constitutional violation." Gibson, 290 F.3d at 1186 (citing Farmer v. Brennan, 511 U.S. 825, 841 (1994)). Plaintiff has not identified any custom or policy of the Valley Convalescent Hospital or alleged the hospital had notice of any potential harm caused by its policies.

For municipal liability to be imposed, the complaint must allege sufficient facts to demonstrate that an unconstitutional custom caused the plaintiff harm.  A custom is "a widespread practice that . . . is so permanent and well-settled as to constitute a custom or usage with the force of law." City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (internal quotation mark omitted).  Consequently, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out that policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

The plaintiff may establish municipal liability based upon a single event if he demonstrates that the person causing the constitutional injury was a final policymaker for the entity.  See City of St. Louis, 485 U.S. at 123 ("only those municipal officials who have 'final policymaking authority' may by their actions subject the government to § 1983 liability").

Plaintiff has made no allegations supporting a conclusion that the Valley Convalescent Hospital had a custom of violating civil rights.  Instead, Plaintiff alleges that Valley Convalescent Hospital is liable under the theory of respondeat superior.  (See ECF No. 4 at 1).  Moreover, Plaintiff has not plead sufficient allegations supporting a conclusion that he suffered a violation of his constitutional rights.  Thus, a Section 1983 claim against the Valley Convalescent Hospital is not cognizable.  If Plaintiff desires to proceed with this action, to the extent that he wishes to allege a claim pursuant to Monell against the Valley Convalescent Hospital named in the complaint, Plaintiff should set forth a short and plain statement of each such purported claim.

### D. State Law Claims

Plaintiff also raises claims for negligence and medical malpractice.  (ECF No. 4 at 2). Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).  Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable

claim for relief under federal law.  See 28 U.S.C. § 1367.  In the absence of any cognizable federal claims, the Court declines to address any purported state law claims.

### IV. CONCLUSION AND ORDER

The Court finds that Plaintiff's amended complaint fails to state any cognizable claims.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file a second amended complaint within thirty days.

If Plaintiff chooses to file a second amended complaint, the amended complaint must allege violations under the law as discussed above.  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleadings, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Alternatively, Plaintiff may choose to stand on the first amended complaint, in which case the Court will issue findings and recommendations to a district judge recommending dismissal of the action consistent with this order.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a Second Amended Complaint; or
   b. Notify the Court in writing that he wants to stand on his First Amended Complaint.
2. Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:22-cv-00248-

9

AWI-BAK (EPG); and

3. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **March 21, 2022**                                    /s/ *Eric P. Grojean*
                                                                           UNITED STATES MAGISTRATE JUDGE