UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EURAL DEBBS, SR., <br><br>    Plaintiff, <br><br> v. <br><br> VALLEY CONVALESCENT HOSPITAL, et al., <br><br>    Defendants. | Case No. 1:22-cv-00248-AWI-BAK <br><br> ORDER DISCHARGING ORDER TO SHOW CAUSE <br><br> (ECF No. 7) <br><br> ORDER VACATING MARCH 21, 2022 SCREENING ORDER <br><br> (ECF No. 6) <br><br> <u>SCREENING ORDER</u> <br><br> ORDER FOR PLAINTIFF TO: <br><br>   (1) FILE A SECOND AMENDED COMPLAINT; OR <br><br>   (2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS FIRST AMENDED COMPLAINT <br><br> (ECF No. 6) <br><br> THIRTY-DAY DEADLINE |

Plaintiff Eural Debbs, Sr. ("Plaintiff") is proceeding pro se and in forma pauperis in this action. Plaintiff filed the complaint commencing this action on February 28, 2022. (ECF No. 1.) Plaintiff filed a First Amended Complaint ("FAC") on March 4, 2022. (ECF No. 4.)

1

On March 21, 2022, the Court screened Plaintiff's FAC and found that it failed to state any cognizable claims. (ECF No. 7.) The Court gave Plaintiff thirty days to either: "File a Second Amended Complaint; or b. Notify the Court in writing that he wants to stand on his First Amended Complaint." (*Id.* at 9.)

More than thirty days elapsed and Plaintiff did not file a Second Amended Complaint or otherwise respond to the screening order. Accordingly, on May 12, 2022, the Court issued an order requiring Plaintiff to show cause why this action should not be dismissed. (ECF No. 7.) Plaintiff was directed to file either a written response, a Second Amended Complaint, or a notice that he wants to stand on his FAC within twenty-one days of service of the order. (*Id.*) On June 3, 2022, Plaintiff filed a notice that he wants to stand on the FAC. (ECF No. 8.)

In light of Plaintiff's response, the Court will discharge the order to show cause. The Court will also vacate the March 21, 2022 screening order and conduct another screening of the FAC.[1]

As set forth further below, the Court finds that the Complaint fails to state any cognizable claims. After Plaintiff reviews this order, Plaintiff can decide to file an amended complaint, which the Court will screen in due course. Plaintiff can also notify the Court that he wants to stand on his complaint, in which case this Court will issue findings and recommendations to the district judge assigned to the case recommending that Plaintiff's complaint be dismissed for the reasons in this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

**I.      SCREENING REQUIREMENT**

As Plaintiff is proceeding in forma pauperis, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

---

[1] Upon review, the Court identified errors in the applicable legal standards cited in its previous screening order. This order corrects those errors and supersedes the Court's March 21, 2022 screening order.

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

**II.    SUMMARY OF THE FIRST AMENDED COMPLAINT**

The FAC alleges that Defendants Valley Convalescent Hospital, Dr. Patel, Julia Bulosan, "Proserpina, doe," and "Alexandria, Doe" ("Defendants") violated Plaintiff's "federally protected constitutional rights." (ECF No. 4 at 1.) Defendants Valley Convalescent Hospital and Julia Bulosan are liable under a theory of respondeat superior. (*Id.*) Dr. Patel was deliberately indifferent to Plaintiff's serious medical needs between December 2021 and March 2, 2022, when Plaintiff received no treatment for "(a.) diagnosed eye diseases (B.) undiagnosed skin problems (c.) sciatica (D.) undiagnosed feet problems." (*Id.* at 2.) Dr. Patel committed negligence and medical malpractice. (*Id.*) Additionally, "Julia Bulosan is guilty of all the same charges" as Dr. Patel. (*Id.*) Nurse Doe Alexandria and Nurse Doe Proserpina committed negligence and professional malpractice. (*Id.*)

Plaintiff alleges that Valley Convalescent Hospital is a corporation licensed in California and doing business in Bakersfield, California. (ECF No. 4 at 2.) Dr. Patel is a licensed medical doctor doing business in Bakersfield, California, and Julia Bulosan is the

1  Director of Nursing and Valley Convalescent Hospital. (*Id.*) Proserpina Doe and Alexandria
2  Doe are also employees of Valley Convalescent Hospital. (*Id.* at 3.) Each of the Defendants
3  played a role in the deprivations of Plaintiff's protected constitutional rights and are liable
4  under either respondeat superior or negligence and medical malpractice. (*Id.*) Plaintiff requests
5  an award of compensatory damages from each Defendant, injunctive relief, and that the Court
6  order a biopsy be conducted on his legs. (*Id.* at 3-4.)

**III.    ANALYSIS**

**A.    Pleading Standards**

As set forth above, Federal Rule of Civil Procedure 8(a) ("Rule 8(a)") requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 174 (9th Cir. 2019). Additionally, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

Plaintiff's complaint violates Rule 8(a). Although the FAC is short, it is not a plain statement of Plaintiff's claims. The FAC is conclusory and does not describe the facts underlying each claim against each of the Defendants. For example, Plaintiff alleges that the Defendants were deliberately indifferent and/or engaged in negligence and medical malpractice, but does not include virtually any factual allegations regarding these claims.

4

Additionally, it is not clear what claims Plaintiff is attempting to bring as he lists multiple legal theories in a single paragraph. *Pinzon v. Jensen*, 2009 WL 231164, at *2 (E.D. Cal., Jan. 30, 2009) ("Although Plaintiff attempts to allege many causes of action and provides a description of his alleged experiences, his narrative-style complaint is insufficient to state legally cognizable causes of action.  It is Plaintiff's burden, not that of the court, to separately identify claims and state facts in support of each claim."); *Saunders v. Saunders*, 2009 WL 382922, at *2 (E.D. Cal., Feb. 13, 2009) ("A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a 'short and plain statement of the claim' may be dismissed for failure to satisfy Rule 8(a).").

The allegations in the FAC are confusing and unclear, making it difficult for the Court to determine what, if any, cognizable claims are included in the FAC. Although the Federal Rules employ a flexible pleading policy, Plaintiff must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.

Accordingly, Plaintiff's complaint fails to comply with Rule 8(a).  If Plaintiff chooses to amend his complaint, he must demonstrate that each named defendant personally participated in the deprivation of his rights with allegations that are not conclusory.  He should also list each claim that she is bringing, along with the facts supporting each claim.

**B.     Legal Standards**

1.     <u>Federal Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: 1) diversity jurisdiction; and 2) federal question jurisdiction.  28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

The FAC does not describe the basis for the Court's jurisdiction in this action. As to federal question jurisdiction, the FAC appears to primarily allege state law claims for negligence and professional or medical malpractice. (*See* ECF No. 4 at 1-2.) Although the FAC makes one reference to Defendants violating Plaintiff's constitutional rights and another reference to Dr. Patel being deliberately indifferent, these statements are interspersed with Plaintiff's other claims and the FAC does not set forth a separate claim on this theory. The FAC also does not identify any federal constitutional rights or statutes that Plaintiff believes were violated. It is not clear if these references are intended to allege a separate claim against the named defendants or what the basis of those claims may be. As to diversity jurisdiction, Plaintiff alleges that he and all defendants reside in California. Therefore, there is no diversity of citizenship. If Plaintiff elects to amend his complaint, he must allege facts establishing the existence of subject matter jurisdiction to proceed in federal court.

    2.    <u>Section 1983</u>

It is not clear if the FAC is attempting to bring a claim for violation of 42 U.S.C. § 1983. However, the FAC alleges that Defendants violated Plaintiff's federal constitutional rights. (*See* ECF No. 4 at 1.) Thus, in an abundance of caution, the Court will analyze whether the FAC states such a claim.

The Civil Rights Act provides:

6

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs*., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have

been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

   a.  State Actor Requirement

Section 1983 imposes civil liability on an individual who "under color [of state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Private parties are not generally acting under color of state law for the purposes of § 1983. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power. It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed").

Nevertheless, in some circumstances, the actions of a private actor may render them liable under § 1983. Under the "public function test," private individuals or entities may be deemed state actors for purposes of § 1983 when they perform a public function that has been "traditionally the exclusive prerogative of the State." *Rendell–Baker v. Kohn*, 457 U.S. 830, 842 (1982) (citations and quotation marks omitted; emphasis in original). "That a private entity performs a function which serves the public does not make its acts state action." *Id.*

Under the joint action test, a private individual may be liable as a state actor under § 1983 if he or she was part of a conspiracy or was a "willful participant in [other] joint action" with a state actor that caused the constitutional violation. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). "To prove a conspiracy between private parties and the government under § 1983, an agreement or 'meeting of the minds' to violate constitutional rights must be shown." *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983). "To be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights." *Franklin,* 312 312 F.3d at 445. "The Ninth Circuit requires a 'substantial degree of cooperation' between the government and a private citizen before finding such a conspiracy." *Annan-Yartey v. Honolulu Police Dep't*, 475 F.Supp.2d 1041, 1046 (D. Haw. 2007 )(quoting *Franklin*, 312 F.3d at 445).

Plaintiff alleges that Valley Convalescent Hospital is a corporation, Dr. Patel is a licensed medical doctor, and the remaining defendants are employees of Valley Convalescent Hospital. Plaintiff does not allege that Defendants are state actors and the FAC does not set forth any facts indicating that Defendants were acting jointly with the government. If Plaintiff amends his complaint, any claim pursuant to § 1983 should allege facts establishing whether each defendant is a state or private actor and whether any private actors' conduct is fairly attributable to the government.[2]

---

[2] Even if Plaintiff had alleged that Valley Convalescent Hospital was a governmental entity, the Court notes that a governmental entity may be held liable under § 1983 only where a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. *Id*. ("Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). To state a claim for governmental entity liability under § 1983, a plaintiff must allege facts demonstrating "(1) that

### b. *Supervisor Liability*

As noted above, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle*, 607 F.2d at 862; *Mosher*, 589 F.2d at 441. A plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen*, 885 F.2d at 646 (citations and internal quotation marks omitted); *Taylor*, 880 F.2d at 1045.

The FAC alleges that Defendants Valley Convalescent Hospital and Julia Bulosan are liable on a respondeat superior theory. The FAC does not allege that these defendants personally participated in any alleged constitutional violations or implemented an unconstitutional policy. While the FAC alleges that Julia Bulosan "is [guilty] of all the same charges as defendant Dr. Patel," this allegation is conclusory and not supported by any factual detail. (*See* ECF No. 4.) To state a claim, a complaint must contain sufficient factual detail for the Court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678; *Buckley v. Cty. of San Mateo*, 2017 WL 3394747, at *2 (N.D. Cal. Aug. 8, 2017) ("Supervisor defendants are entitled to qualified immunity where the allegations against them are simply 'bald' or 'conclusory' because such allegations do not

---

[the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted; alterations in original). Here, Plaintiff has not alleged that any policy or custom of Valley Convalescent Hospital caused him injury. If Plaintiff chooses to file an amended complaint and is claiming that a governmental entity has a policy or custom giving rise to liability under § 1983, he must include facts in his amended complaint showing that he was deprived of a constitutional right; that the governmental entity has a policy; that this policy is deliberately indifferent to Plaintiff's constitutional rights; and that the policy is the reason or "moving force" behind the violation of Plaintiff's constitutional rights.

'plausibly' establish the supervisors' personal involvement in their subordinates' constitutional wrong." (citing *Iqbal*, 556 U.S. at 675-84)); *Sullivan v. Biter,* 2017 WL 1540256, at *1 (E.D. Cal. Apr. 28, 2017) ("Conclusory allegations that various . . . officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983.").

If Plaintiff amends his complaint, he should describe what each specific defendant did to deprive him of his constitutional rights or how they implemented an unconstitutional policy.

### 3.  State Law Claims

California's Government Claims Act[3] requires that a claim against the State[4] or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 627 (9th Cir. 1988).

Here, Plaintiff is asserting state law claims for negligence and medical or professional malpractice and is seeking to recover money damages. Although the FAC's allegations are unclear as discussed above, to the extent Defendants are public entities or employees, Plaintiff has not alleged facts demonstrating that he complied with, or excusing his compliance with, the Government Claims Act claims presentation requirement for his state law claims. If Plaintiff

---

[3] This Act was formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[4] "'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller."  Cal. Gov't Code § 900.6.

amends his complaint and wished to assert claims against a state entity, he should allege facts demonstrating he complied with the Government Claims Act or was excused from compliance.

## II.     CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claim.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so that Plaintiff can provide additional factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to amend his complaint, in his amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable claim(s). If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and

recommendations to a district judge consistent with this order.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Court's May 12, 2022 order to show cause (ECF No. 7) is DISCHARGED;
2. The Court's May 21, 2022 screening order (ECF No. 6) is VACATED;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
    a. File a Second Amended Complaint; or
    b. Notify the Court in writing that he wants to stand on this complaint;
4. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to case number 1:22-cv-00248-AWI-EPG; and
5. <u>Failure to comply with this order may result in the dismissal of this action</u>.

IT IS SO ORDERED.

Dated:   **July 21, 2022**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE