UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EURAL DEBBS, SR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VALLEY CONVALSCENT HOSPITAL<br><br>　　　　　Defendant. | Case No. 1:22-cv-00248-AWI-CDB<br><br>**FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

### I.   BACKGROUND

Plaintiff Eural Debbs, Sr. ("Plaintiff") is proceeding pro se and in forma pauperis in this action. (ECF Nos. 1-2, 5). On March 4, 2022, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 4). On March 21, 2022, the Court screened Plaintiff's FAC and found that it failed to state any cognizable claims. (ECF No. 6). The Court gave Plaintiff thirty days to either file a Second Amended Complaint or notify the Court in writing if he wanted to stand on his First Amended Complaint. *Id*. at 9. More than thirty days elapsed, and Plaintiff did not file a Second Amended Complaint or otherwise respond to the Court's order.

On May 12, 2022, the Court issued an order requiring Plaintiff to show cause why this action should not be dismissed for failing to comply with the Court's orders. (ECF No. 7). Plaintiff was directed to file either a written response, a Second Amended Complaint or a notice if he wanted to stand on his FAC. *Id*. at 2. On June 3, 2022, Plaintiff timely filed a response to the

1

order to show cause.  (ECF No. 8).  Plaintiff argued his FAC did state a claim upon which relief should be granted and requested a process of summons.  *Id*.

On July 21, 2022, the Court issued an Order Discharging the Order to Show Cause, vacating the screening order dated March 21, 2022, and conducted another screening of the FAC.  (ECF No. 9).  The Court held Plaintiff's FAC still violated Rule 8(a).  *Id*. at 4.  The Court determined the FAC is conclusory and does not describe the facts underlying each claim against each of the Defendants.  *Id*. at 5.  The Court found the allegations in the FAC confusing and unclear, making it difficult for the Court to determine what, if any, cognizable claims are included in the FAC.  *Id*.  The Court also found Plaintiff's FAC failed to describe the basis for the Court's jurisdiction in this action.  *Id*. at 5-6.  In an abundance of caution, the Court analyzed the FAC for Section 1983 and State Law Claims.  *Id*. at 6-12.  The Court found Plaintiff failed to allege what Defendants specifically did to violate his constitutional rights, and/or how they implemented an unconstitutional policy.  Moreover, Plaintiff failed to allege facts demonstrating he complied with, or was excused from complying with the Government Claims Act presentation requirement for his state law claims.

The Court directed Plaintiff within thirty (30) days from July 21, 2022, to file a Second Amended Complaint, or notify the Court in writing if wanted to stand on his FAC.  *Id*. at 13.  Plaintiff was warned failure to comply with this order may result in the dismissal of this action.  *Id*.  The thirty (30) day period for Plaintiff to respond to the Court's Order of July 21, 2022, has expired, and Plaintiff has not filed any response or otherwise indicated an intention to prosecute this case. Accordingly, for the reasons described below, the Court will recommend that Plaintiff's case be dismissed for failure to comply with a court order and failure to prosecute.

**II.     FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER**

Courts weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).  These factors are "not a series of conditions precedent before the

judge can do anything," but for a judge to think about what to do.  *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

The public's interest in expeditious resolution of litigation weighs in favor of dismissal of this action.  The public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1; *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  Plaintiff was provided thirty (30) days to respond to the Court's request. (ECF No. 9).  Almost three months have passed with no response from Plaintiff.  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan v. Galaza*, 291 F.3d 639, 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).  Here, Plaintiff has failed to respond to the Court's July 21, 2022 Order.  The Court is experiencing an ongoing judicial emergency and heavy caseload.  Plaintiff's failure to respond is delaying the case and interfering with docket management.  Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, a defendant suffers prejudice if a plaintiff's actions impair a defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).  Plaintiff's failure to comply with a court order and to prosecute this case imposes sufficient prejudice upon Defendants. Therefore, the third factor weighs in favor of dismissal.

Next, because public policy favors disposition of cases on the merits, this factor weighs against dismissal of Plaintiff's case.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (the public policy favoring disposition of cases on their merits counsels strongly against dismissal).

Lastly, the availability of less drastic sanctions weighs in favor of dismissal.  "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions."  *Malone*, 833 F.2d at 131-32

(quoting *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986)). At this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditures of its scarce resources. Considering Plaintiff's failure to participate in this case and in forma pauperis status, monetary sanctions are of little use. Moreover, given the stage of these proceedings, the preclusion of evidence or witness is not available. Additionally, the Court only recommends dismissal without prejudice. Because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice for failure to prosecute and failure to comply with a court order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised a party who does not object to the magistrate judge's report waives his right to challenge factual findings but retains his right to appeal legal conclusions. *Applegate v. Saul*, 845 Fed. Appx. 569, 569 (9th Cir. 2021) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __October 19, 2022__                    _____
                                               UNITED STATES MAGISTRATE JUDGE